**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ADRIAN SHAW, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:23-CV-892 HEA |
| | ) |
| ANNE PRECYTHE, et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motions of plaintiff Adrian Shaw, for leave to commence this civil action in forma pauperis, or without prepayment of the filing fee. [ECF Nos. 5 and 7.] While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motions for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**The Complaint**

Plaintiff brings this 42 U.S.C. § 1983 action against Director Anne Precythe of the Missouri Department of Corrections, Warden Gregory Hancock of the Missouri Eastern Correctional Center (MECC) and Sergeant Unknown McDaniel, a correctional officer at MECC.

The lawsuit relates to a "class action" filed by fourteen (14) inmates housed at MECC on July 10. 2023. Defendants, as well as three other correctional officers not named in the present lawsuit, were accused of allowing the plaintiff-inmates to be restrained with plastic zip-ties for an excessive amount of time while the Correctional Emergency Response Team (CERT) searched

their housing unit. Only one of the plaintiff-inmates, David Wilson, signed the complaint, filed a motion to proceed in forma pauperis, and submitted a copy of his inmate account statement. Because the Court does not allow multiple prisoners to join together in a single lawsuit under Federal Rule of Civil Procedure 20, the complaint was severed, and new cases opened for each individual plaintiff. See ECF No. 2. The instant case is one of the newly created cases brought by a severed plaintiff.

On July 20, 2023, the Court issued an Order in this case finding the complaint defective for multiple reasons, including because it was not signed by plaintiff and because plaintiff lacks standing to bring claims on behalf of others. *See* ECF No. 3. As a result, the Court provided instructions and directed plaintiff to file an amended complaint on a court-provided form. *Id.* Plaintiff filed his amended complaint on August 9, 2023, in which he named the three defendants listed above. Plaintiff claims in his amended complaint that on March 23, 2023, Warden Hancock came to his housing unit (Unit 4) at MECC at 2:00 a.m. and directed officers to place inmates in restraints (zip ties) and direct them to sit on the floor. He claims that the search by the CERT team officers went for several hours. However, he was allowed to get up to go to the restroom and allowed to then sit in front of his caseworker's office for the remainder of the search. He complains that he was left with some bruising on his wrists from the zip ties.

**Legal Standard**

Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

2

> may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

But, pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury" – conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

## Discussion

Plaintiff here, a prisoner and frequent filer of frivolous lawsuits, is subject to 28 U.S.C. § 1915(g). Based on a review of cases filed by plaintiff in this Court, plaintiff had accumulated more than three strikes by the time he filed this action.[1] Plaintiff should be aware of his status as a three-striker, as he has already had a prior case in this Court dismissed due to the three strikes rule. As such, under 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed in forma pauperis in this matter unless the "imminent danger" exception is applicable. 28 U.S.C. § 1915(g).

---

[1]*See Shaw v. Johnson, et al.,* No. 4:15-cv-1639-SNLJ (E.D. Mo. Jan. 27, 2016); *Shaw v. Fite,* No. 4:17-cv-1545-SPM (E.D. Mo. Jul. 26, 2017); and *Shaw v. Fite, et al.,* No. 4:17-cv-2726-SNLJ (E.D. Mo. Dec. 27, 2017).

Based on the allegations of the complaint, plaintiff does not assert that he is currently in imminent danger of serious physical injury or that he was in imminent danger at the time of the filing of the complaint. Plaintiff's allegations relate only to the search that occurred on March 23, 2023, in which he complains that he was restrained.

The complaint contains no allegations of ongoing injury by the defendant. Nor does it allege that plaintiff suffered any long-lasting detrimental effects from defendant's actions. Plaintiff has thus failed to demonstrate any exceptions to the three-strikes provisions to § 1915(g). Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action, without prejudice, subject to plaintiff refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [ECF Nos. 5 and 7] are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 3rd day of November, 2023.

                                                  HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE